IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 09-00056 WHA |
| Plaintiff, | |
| v. | **ORDER DENYING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. 3582** |
| FELIX TRONCOSO, | |
| Defendant. | |

## INTRODUCTION

Defendant has filed a motion to reduce his sentence under 18 U.S.C. 3582(c)(2), in light of a retroactive crack cocaine guideline amendment. Defendant has indicated that probation has recommended a reduction in sentence to a mandatory minimum of 60 months in custody. The government opposes any reduction. Defendant asks the Court to reduce his sentence to 60 months. For the reasons stated below, the motion is **DENIED**.

## STATEMENT

On August 3, 2010, Congress enacted the Fair Sentencing Act of 2010, which modified the penalties for crack cocaine offenses, reducing disparities for crack and powder cocaine. The Act authorized the United States Sentencing Commission to amend the Guidelines to give effect to the Act on an emergency basis. The Sentencing Commission, pursuant to this power, effectuated Amendment 748 on November 1, 2010, which revised the penalties for crack cocaine offenses. On November 1, 2011, the Sentencing Commission effectuated Amendment 750,

which made the Amendment 748 changes permanent and Amendment 750 retroactive, effective November 1, 2011.

On January 20, 2009, defendant Felix Troncoso was indicted in a one-count grand jury indictment charging him with distribution and possession with intent to distribute five grams or more of crack cocaine in violation of 21 U.S.C. 841(a)(1) and (b)(1)(B). On January 26, 2010 defendant pleaded guilty pursuant to a written Rule 11(c)(1)(C) plea agreement. The "primary reason for the agreement was the avoidance of the ten[-]year mandatory minimum sentence that would follow if the government had decided to file a drug prior" (Br. at 2). As part of the plea agreement, defendant "knowingly and voluntarily agree[d] to waive any right [he] may have to file any collateral attack on [his] conviction or sentence, including a petition under 28 U.S.C. 2255 or 28 U.S.C. 2241, or motion under 18 U.S.C. 3582, at any time in the future after [he was] sentenced, except for a claim that [his] constitutional right to the effective assistance of counsel was violated" (Dkt. No. 27 at 2–3). On April 28, 2010, defendant was sentenced to 84 months imprisonment.

**ANALYSIS**

Defendant now moves for a sentence reduction pursuant to 18 U.S.C. 3582. He argues that the instant motion is not barred by the waiver provision in the written plea agreement because at his change of plea proceeding defendant stated that he wanted to take advantage of any retroactive change in the applicable Guidelines (Br. 1–3). Defendant concedes, however, that he is unaware of any decision that holds that an oral statement made during the plea colloquy controls over the written plea agreement (Reply Br. 4).

Assuming for the sake of argument only that defendant can request such a reduction in his sentence, in spite of his waiver with regard to motions under Section 3582, relief will be denied because the agreed-on sentence was negotiated in light of a ten-year mandatory minimum looming over defendant's head, a possible sentence that was in no way affected by the crack cocaine reform.

Generally, federal courts lack jurisdiction to modify a sentence once it has been imposed. Section 3582(c)(2) provides a narrow exception:

2

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements.

Recently, in *Freeman v. United States*, the Supreme Court addressed the application of Section 3582(c)(2) to sentences imposed pursuant to a Rule 11(c)(1)(C) plea agreement. 131 S. Ct. 2685, 2699 (2011). The Court considered whether a sentence imposed pursuant to a Rule 11(c)(1)(C) plea agreement can nevertheless be "based on" a sentencing range within the meaning of Section 3582(c)(2). Our court of appeals has stated that Justice Sotomayor's concurrence is the controlling opinion.[*] Justice Sotomayor reasoned that the binding nature of the Rule 11(c)(1)(C) plea agreement makes the agreement itself the "foundation for the term of imprisonment to which the defendant is sentenced." *Id*. at 2696. The terms of imprisonment imposed pursuant to such an agreement, she stated, are "dictated by the terms of the agreement entered into by the parties, not the judge's [Sentencing] Guidelines calculation." Thus, she concluded, the "term of imprisonment . . . is, for purposes of § 3582(c)(2), 'based on' the agreement itself," and "the mere fact that the parties . . . may have considered the Guidelines in the course of their negotiations does not empower the court under § 3582(c)(2) to reduce the term of imprisonment they ultimately agreed upon." *Id*. at 2696–97.

Our court of appeals has construed Justice Sotomayor's concurrence as carving out two exceptions where a sentence imposed pursuant to a Rule 11(c)(1)(C) agreement is nevertheless "based on" a Sentencing Guidelines range. The first exception is "when a [Rule 11(c)(1)(C)] agreement itself 'calls for the defendant to be sentenced within a particular Guidelines sentencing range,' which the court then accepts." *United States v. Austin*, 2012 WL 1322204, at *3 (9th Cir. Apr. 18, 2012) (citing *Freeman*, 131 S. Ct. at 2697). The second exception provides:

---

[*] "Justice Sotomayor's concurrence [in *Freeman*] is the controlling opinion because it reached this conclusion on the 'narrowest grounds.'" *United States v. Austin,* 2012 WL 1322204, at *2 (9th Cir. Apr. 18, 2012) (citing *Marks v. United States*, 430 U.S. 188, 193 (1977)).

3

> A plea agreement might provide for a specific term of imprisonment — such as a number of months — but also make clear that the basis for the specified term is a Guidelines sentencing range applicable to the offense to which the defendant pleaded guilty. As long as that sentencing range is *evident from* the agreement itself, for purposes of § 3582(c)(2) the term of imprisonment imposed by the court in accordance with that agreement is 'based on' that range. Therefore, when a [Rule 11(c)(1)(C)] agreement *expressly uses* a Guidelines sentencing range to establish the term of imprisonment, and that range is subsequently lowered by the Commission, the defendant is eligible for sentence reduction under § 3582(c)(2).

*Ibid*. (citing *Freeman*, 131 S. Ct. at 2697–98)

Here, defendant's plea agreement stated (Dkt. No. 27 ¶ 7):

> I agree that my sentence should be calculated pursuant to the Sentencing Guidelines. I understand that the Court, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing, together with the factors set forth in 18 U.S.C. 3553(a). I also agree that the Sentencing Guidelines range will be calculated as follows and will not ask for any other adjustment to or reduction in the offense level or for a downward departure from the Guideline range.

In the plea agreement, defendant "agree[d] that [his] applicable Criminal History Category is II . . . [he] further agree[d] that Guidelines offense level 23, combined with Criminal History Category II, yields an advisory Sentencing Guidelines range of 51 to 63 months (Zone D)" (*ibid*.). The next paragraph of the plea agreement stated (*id*. at ¶ 8):

> I agree that, notwithstanding the Sentencing Guidelines calculations set forth above in paragraph 7, pursuant to the factors set forth under 18 U.S.C. § 3553(a) — including my prior criminal history, which includes felony criminal convictions for drug trafficking offenses that is not adequately reflected in my Criminal History Category and that could have subjected me to the enhanced penalties set forth under 21 U.S.C. §§ 841(b)(1)(B) and 851 — a reasonable and appropriate disposition of this case, and the principal sentence to which the parties agree, is as follows: a sentence of imprisonment of 84 months; 4 years' supervised release; a fine to be determined by the court; restitution (if any); and a mandatory special assessment of $100.

The plea agreement itself did not call for the defendant to be sentenced within a particular Guideline range. Thus, the first exception does not apply. Neither does the second because the plea agreement does not provide for a specific term of imprisonment that makes clear that the "basis for the specified term is a Guidelines sentencing range applicable to the

4

offense." *Freeman*, 131 S. Ct. at 2697–98. Indeed, the plea agreement seeks a sentence of 84 months "notwithstanding the Sentencing Guidelines calculations" (Dkt. No. 27 ¶ 8).

## CONCLUSION

For the above-stated reasons, the motion to reduce defendant's sentence is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 30, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE